UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENNETH ZIMMERMAN, | No. 2:19-cv-01736-TLN-GGH |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| ROBERT NEUSCHMID, Warden, | |
| Respondent. | |

Petitioner Kenneth Zimmerman ("Petitioner"), a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2019, the magistrate judge filed findings and recommendations herein which were served on Petitioner and which contained notice to Petitioner that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 6.) On October 4, 2019, Petitioner filed his "Objections to Magistrate Judge's Findings and Recommendation." (ECF No. 7.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As

1

to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Petitioner objects to the Findings and Recommendations on the basis that the grounds raised in the instant petition are different from those raised in Petitioner's prior petition. (ECF No. 7 at 1–2, citing *Sanders v. United States*, 373 U.S. 1, 16–17 (1963).) Petitioner's reliance on *Sanders* for this contention is unavailing.[1] The Findings and Recommendations state that if Petitioner is seeking leave to file a second or successive habeas application, he must once again obtain a certification from the Ninth Circuit authorizing the Court to consider any subsequent habeas petition. (ECF No. 6 at 2.) The Court agrees. Therefore, Petitioner's objections are overruled.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why

---

[1] Petitioner's reliance on *Sanders v. United States* is unavailing, as *Sanders* has been superseded by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, and is therefore no longer applicable. Rather, under 28 U.S.C. § 2244(b), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). *See also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 [28 USCS § 2244] by a panel of the appropriate court of appeals….").

such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth in the magistrate judge's Findings and Recommendations (ECF No. 6), the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 17, 2019 (ECF No. 6), are adopted in full; and

2. The Petition (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 2244(b)(3) as a second or successive habeas corpus application; and

3. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: November 12, 2019

Troy L. Nunley
United States District Judge